MARKHAM *v.* STATE.

In Banc. May 8, 1950.

No. 37547 (46 So. (2d) 88)

**E. C. Barlow,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Hall, J.**

Appellant was indicted for an assault and battery with intent to kill and murder. The element of intent being absent, the trial court properly limited the jury to a consideration of appellant's guilt of simple assault and battery, and, while the proof for the state was very weak, we are of the opinion that there was sufficient evidence to carry the case to the jury on that issue.

However, the trial court refused appellant's request for an instruction which said: "The court charges the jury for the defendant that under the law each and every juror must agree upon a verdict as the verdict of the jury. In other words, all twelve of the jurors must agree upon the verdict before there can be a verdict of the jury in this case."

While the requested instruction could have been more appropriately phrased, its manifest purpose is to advise the jury that in a criminal case all twelve jurors must agree before they can return a verdict of

guilty and to dispel from their minds the idea that nine jurors may return a verdict as allowed under our law in civil cases. We are of the opinion that a defendant in a criminal case is entitled to have the jury so charged, and, since the record here does not disclose whether the verdict was unanimous, the refusal of the instruction is erroneous.

Section 31 of the Mississippi Constitution provides: ''The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors may agree on the verdict and return it as the verdict of the jury.''

Pursuant to the authority thus granted, the Legislature by Section 1801 of the Mississippi Code of 1942 has provided: ''In the trial of all civil suits in the circuit or chancery courts of this state, nine or more jurors may agree on the verdict and return it into court as the verdict of the jury. Either party may request an instruction in writing to this effect and it shall thereupon be the duty of the trial judge to instruct the jury in writing that if nine or more jurors agree on the verdict that they may return the same into open court as the verdict of the jury.''

In the trial of civil cases in this state an instruction is almost invariably requested and granted in accordance with this section of the Code. In order that there may be no confusion in the minds of jurors engaged in the trial of a criminal case we think it is proper to instruct them in such cases that their verdict must be unanimous.

In 31 Am. Jur. p. 556, Jury, Sec. 7, it is said: ''The constitutional right to trial by jury includes as its essential elements that the jury shall consist of twelve impartial men, neither more nor less, . . . and that the verdict shall be unanimous.''

In 53 Am. Jur. p. 595, Trial, Sec. 804, it is said: ''In a criminal prosecution in which a unanimous verdict is

required, the defendant is entitled to an instruction as to the unanimity of the verdict of guilty.''

For the error indicated the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.