### ROGERS *v.* STATE.

Dec. 7, 1953

No. 38920          45 Adv. S. 90          68 So. 2d 105

*Orma R. Smith,* Corinth, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

McGEHEE, C. J.

The appellant, Terry Rogers, was convicted of committing an assault and battery on Jamie Randolph with intent to kill and murder him with a deadly weapon, to-wit, a knife. He was thereupon sentenced to serve a term of three years in the state penitentiary. On this appeal he assigns as error (1) that the trial court permitted the introduction of evidence to contradict him on immaterial matter; (2) that he was entitled to a requested peremptory instruction to the jury to find him not guilty of assault and battery *with intent to kill and murder*; and (3) that the court erred in overruling his motion for a new trial which alleged among other things that the verdict of the jury was against the overwhelming weight of the evidence.

The proof disclosed, according to the uncontradicted testimony of a physician, that the knife wound ''extended through the deeper structure, * * * and entered the exterior jugular vein.'' The length of the cut was ''from the back side of the neck on the left and extended all the way around to the front and to his Adam's apple.'' Obviously there would be no more certain method of showing an intent to kill and murder unless as the appellant contends the mere fact that the accused did not cut his victim but one time when there was nothing to prevent him from doing so again would disprove such felonious intent. He relies upon the following cases to sustain this

234

contention: Hairston v. State, 54 Miss. 689; Toler v. State, 143 Miss. 96, 108 So. 443; Daniels v. State, 196 Miss. 328, 17 So. 2d 793; Griffen v. State, 196 Miss. 528, 18 So. 2d 437; Edgar v. State, 202 Miss. 505, 32 So. 2d 441; Craddock v. State, 204 Miss. 606, 37 So. 2d 778; and Markham v. State, 209 Miss. 135, 46 So. 2d 88. All of those cases except two involved only an assault, either with a firearm which was not discharged or other weapon which was not used under circumstances except such as negatived an intent to kill and murder. As to the other two, Daniels v. State and Griffen v. State, supra, the assault and battery was committed in the former case by throwing a pair of pliers from a distance of ten feet and striking the prosecuting witness, whereas, in the latter case the accused struck his victim with a closed pocket knife. Hence, those cases are not controlling under the facts of the case at bar.

It is urged on behalf of the appellant that since he cut Randolph one time with his pocket knife, and there was nothing which would have prevented him from continuing his assault until he had killed Randolph, if he had desired to do so, he could not be guilty of assault and battery with intent to kill and murder. ▮▮▮ As to this contention see the case of Ceary v. State, 204 Miss. 299, 37 So. 2d 316, wherein this Court held that there was no error in the court's refusal to grant the defendant an instruction to the effect that if the jury believed from the evidence that the defendant had another load in his gun, and could have used it and killed his alleged victim, if he so desired, but did not do so because he did not want to kill him, the jury should take this into consideration along with all the facts and circumstances in the case in determining whether the defendant did intend to kill and murder the prosecuting witness. We held that this amounted to a comment on the weight of the evidence as to whether or not the defendant shot with the intent to kill and murder; and we called attention to the fact that this instruction would not

have left the jury altogether free to consider the very pertinent fact that the accused may have had good reason to believe that he had already killed the deceased. In the Ceary case, supra, we overruled the case of McCaa v. State, 38 So. 228, to the contrary and said: "The test under such circumstances is whether or not the accused intends to kill and murder at the time he fires the shot or otherwise inflicts a wound, and if such intent then exists he is not to be exonerated of the felonious charge by what he does or fails to do thereafter." We are therefore of the opinion that the accused in the case was not entitled to a peremptory instruction on the issue of whether or not he cut the prosecuting witness with intent to kill and murder.

In our opinion there was no error in permitting the State to show in rebuttal that Dickey Jones had not left the table where the cutting occurred to go with one Burks to get some gin, as previously testified by the accused, for the reason that Dickey Jones admitted that he did not see the accused when he cut Randolph, since he was watching the dancing and listening to the music from the juke box at that time. The contradiction of the accused as to where Dickey Jones was at the time of the cutting would not constitute prejudicial error, since the accused was already contradicted by the State's proof in chief as to where Jones was at the time; and then too Jones did not claim to have been looking at the accused and his victim at the time of the cutting.

We have here merely a conflict in the testimony, which was for the determination of the jury, and when the prosecuting witness testified to an unprovoked assault and battery upon him by the accused who was drinking at the time, and where the latter was claiming self-defense, the testimony on behalf of the State was

236

ample to sustain the conviction of guilty as charged and the case must therefore be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.