# COBY *v.* STATE

[No. 262, September Term, 1960.]

*Decided May 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Norman N. Yankellow,* with whom were *Christopher Foreman* and *Joseph Rosenthal* on the brief, for appellant.

*William J. McCarthy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *James W. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief for appellee.

HORNEY, J., delivered the opinion of the Court.

Donald S. Coby, the defendant-appellant, was tried and convicted by a jury of the crime of rape. This appeal is from the judgment entered on the verdict and the sentence of death imposed by the court.

Since the evidence has not been challenged it is unnecessary to relate the facts and circumstances surrounding the crime other than state that there was ample evidence tending to show that the appellant was one of five men who, after taking the prosecutrix to a secluded recreation area in Baltimore City on April 18, 1960, forced her to submit to repeated acts of sexual intercourse, including three assaults by the appellant.

The questions presented by the appeal as grounds for reversal are: (i) that the trial court erred when it failed to caution or advise the jury to disregard an answer that had been given by a witness to a question which the court later ruled was subject to objection; (ii) that the court erred when it failed to include, in the summation of the evidence in its instructions to the jury, a discussion of the testimony of a witness favorable to the defendant; and (iii) that the court erred—though it had advised the jury that its verdict must be unanimous—when it declined to further instruct the jurors that they could not reach a decision by a majority vote.

### (i)

The appellant contends that in sustaining an objection it was the duty of the trial court, on its own motion, to advise the jury to disregard an irrelevant and somewhat unresponsive answer concerning the passing of a revolver from one of the defendants to another. The record shows that the oversight (if indeed it was one) was not prejudicial. The witness, who was the male companion of the prosecutrix, in testifying as to the events leading up to the mass rapings, stated that one of the five men involved had searched him for money at the scene of the crime. At this point counsel for the defendant interposed an objection because the answer had "no connection to the charges on which the defendant is being tried," and the following colloquy ensued:

> (Court): "It depends on whether or not the defendant was physically present and in a position to hear these conversations as related. If he was, I think it is competent evidence. I am not certain that the defendant was there at the time. Because of that, I will sustain any objection you make to these conversations. I will not strike out the testimony as to the physical facts as described by him. Do you object to these conversations as such?"
>
> (Counsel): "I certainly do."
>
> (Court): "I will sustain the objection. Strike out any conversations allegedly taking place between the witness and the other men present until we find out whether or not the defendant was present at the time."

Later the witness testified that he had seen the appellant at the scene of the crime, but he did not identify him as the person who had searched him. Nor was it ever established whether the appellant was near enough to have heard the conversation between the witness and the searcher. The trial court, both before and after the colloquy, had repeatedly cautioned the jury to disregard answers of witnesses after having sustained objections by the appellant. We think that fail-

ure to do so in this instance was at most harmless error. In the first place, the defendant did not ask the court to admonish the jury to disregard the answer. Cf. *Contee v. State,* 223 Md. 575, 165 A. 2d 889 (1960). Secondly, since the trial court had repeatedly warned the jury to disregard other objectionable answers, the failure in this one instance with regard to an irrelevant answer that at most was collateral to the rapings then being committed, was clearly not prejudicial. Lastly, the nature of the testimony stricken was certainly not calculated to harm the appellant for the simple reason that the witness did not, and apparently could not, testify that the appellant was the person who had searched him. While it would have been appropriate for the trial court to advise the jury not to consider the answer, we cannot hold, under the facts and circumstances in this case, that the failure to do so constituted reversible error.

### (ii)

During the course of the trial the prosecuting witness testified that at a time prior to the commission of the crimes she was in the Carousel Lounge and that she was not wearing dark glasses at any time during the evening. The manager of the tavern, however, testified that she did wear sunglasses and also contradicted her as to not having had anything to drink and as to an argument over who should pay therefor. When the arguments before the jury were concluded, the court, in compliance with Maryland Rule 739 b, stated the applicable law in its capacity as an advisor only, and, pursuant to Rule 739 c, gave a brief summation of the evidence after advising the jury that its comments were not in any way binding on the jurors. In essence, the court first presented the story of the prosecutrix and then the story of the appellant to the jury. In so doing it avoided comment on the testimony of any particular witness (other than the prosecutrix and defendant) including that of the manager of the tavern. The appellant contends that the refusal to point out the testimony of the manager which was favorable to him is reversible error. No citations of authority are necessary to

sustain the basic premise of the appellant that any summation of the evidence by the trial court must be made fairly and impartially, but this has never been taken to mean that the trial court *must* comment on *all* of the evidence in a case. The burden of such a requirement would be intolerable, and is not required in any jurisdiction so far as we have been able to find. Indeed, the cases and authorities are to the contrary. See, for example, *State v. Taborsky,* 95 A. 2d 59 (Conn. 1953) ; *State v. Smith,* 41 A. 2d 153 (R. I. 1945) ; 23 C.J.S., *Criminal Law,* § 1216. In the instant case, as we have noted, the trial court not only refused to summarize the testimony of the witness favorable to the defendant, but also omitted much of the damaging testimony adduced by witnesses for the State. All that the trial court did and all that it was required to do—and it was required to do that only because it had undertaken to make a summation—was to outline the conflicting theories of the State and the appellant. The refusal to accede to the request for a more detailed instruction was not improper.

(iii)

This final contention presents a question not heretofore decided by this Court. Following the arguments to the jury, the trial court, in concluding its instructions, advised the jury that "whatever your verdict may be, it must be unanimous." The instruction as given was in substantial compliance with Article 21 of the Maryland Declaration of Rights, stating in pertinent part that every man has a right to a speedy trial by an impartial jury "without whose unanimous consent he ought not to be found guilty." But the appellant contends that the bare statement to the effect that the verdict of the jury must be unanimous was not a sufficient compliance with the Declaration of Rights. Simply stated, the question here is, did the mere use of the word "unanimous"—which in common parlance means "having the agreement and consent of all"—satisfy the requirements of Article 21, or must the court give the jury a full and complete explanation of the meaning of the term "unanimous consent"? We think the instruction was sufficient as given.

Several of the older cases indicate that an "individual juror" instruction [1] is mandatory. See, for example, *Mitchell v. State,* 30 So. 348 (Ala. 1901); *People v. Dole,* 55 Pac. 581 (Cal. 1898); *State v. Witt,* 8 Pac. 769 (Kan. 1885); *People v. Hare,* 24 N. W. 843 (Mich. 1885). But the later cases indicate that this is no longer the rule. The California Court (in indirectly overruling the *Dole* case) said in *People v. Denton,* 178 P. 2d 524, 532 (Cal. 1947), that there was no error where the trial court "informed the jury that they must agree unanimously before they could arrive at a verdict." And the Alabama Supreme Court in the recent case of *Green v. State,* 82 So. 2d 418 (Ala. 1955), in answer to a contention that an "individual juror" charge must be given, said at p. 423:

"[The individual juror charge] was held good in a number of the early cases * * *. However, the later decisions of this court * * * are to the effect that it is not reversible error to refuse such charges in that they have a tendency to inculcate the idea that the conclusion of each juror should be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room. * * * Moreover, in its oral charge the court pointed out the need for unanimous action in a jury verdict."

See also *Commonwealth v. Ford,* 165 A. 2d 113 (Pa. Super. 1960); *Markham v. State,* 46 So. 2d 88 (Miss. 1950).

Not only do we agree that the trend away from the "individual juror" charge is proper, but we think that an instruction advising the jury that a defendant ought not to be found guilty without the unanimous consent of all the jurors (which is the language of Article 21 of the Declaration of

---

1. An "individual juror" instruction is one in which the court charges the jury to the effect that each juror is required to be satisfied of the guilt of the defendant, beyond a reasonable doubt, before they are authorized to find a verdict of guilty, and that each juror must separately and severally be so satisfied to support a conviction.

Rights), or words to that effect connoting the necessity of having the agreement and consent of all the jurors, as was done in this case, constitutes sufficient compliance with the constitutional guarantee. Cf. *Ford v. State,* 12 Md. 514 (1859), where it was indicated that the unanimity requirement would be satisfied by quoting the last clause of Article 21, *supra.*

Moreover, aside from the fact that counsel for the defendant in argument could himself have informed the jury that unanimity was indispensable, the defendant had the absolute right to poll the jury, and did so, in accordance with the rule stated in *Biscoe v. State,* 68 Md. 294, 12 Atl. 25 (1888). The record shows that after the foreman had announced the verdict of guilty, each of the other members of the jury was asked individually if his verdict was the same as that of the foreman and each juror answered that it was. Thus, the polling of the jury clearly indicated the assent of each juror to the verdict and it had the effect of showing the verdict of the jury to be the "individual" verdict of each juror. See *Heinze v. State,* 184 Md. 613, 42 A. 2d 128 (1945). See also *State v. Logue,* 28 S. E. 2d 788 (S. C. 1944), *Davis v. State,* 57 N. E. 1099 (Ohio 1900), and *State v. Young,* 16 S. W. 408 (Mo. 1891), to the effect that the polling of a jury is a means of establishing the fact that a verdict is that of each juror. The refusal of the trial court to give the individual juror instruction requested was not improper.

The judgment, for the reasons stated, must be affirmed.

*Judgment affirmed.*