**Charles Lincoln FOUNTAIN, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Feb. 24, 1971.

Harold Schmittinger, of Schmittinger & Rodriguez, Dover, for appellant.

James H. Hughes, 3rd, Deputy Atty. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The appellant was tried and convicted of assault with intent to rape. He was not represented at his trial by counsel appearing for him in this appeal.

It is argued that reversible error was committed by the trial judge when he failed to instruct the jury that a verdict of guilty must be the unanimous verdict of all members of the jury, even though there was no request that the jury be so instructed.

█ It is of course fundamental under our law that the verdict of a jury must be unanimous. This follows from Article I, § 4 of the Delaware Constitution, Del.C. Ann. providing that, "The right to trial by jury shall be as heretofore." This provision of our Constitution guarantees the right to trial by jury as it existed at common law. Nance v. Rees, 2 Storey 533, 161 A.2d 795 (1960). Unanimity of the jurors is therefore required to reach a verdict since such was the common law rule. 53 Am.Jur., Trial, § 1006. This requirement

is recognized in Superior Court Criminal Rule 31(a), Del.C.Ann. Indeed, the State does not dispute the requirement of unanimity.

■ Appellant argues that, even in the absence of a request to do so, the trial judge, *sua sponte*, should have instructed the jury that its verdict must be reached by unanimous verdict. However, there is no federal constitutional requirement that such an instruction be given *sua sponte* by the trial judge. Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, and see also Orfield, Criminal Procedure Under the Federal Rules, § 30.61.

■ The question is always whether or not the members of the jury in fact know that their verdict is required to be unanimous. We think it clear that the practice followed in our trial courts assumes such to be the fact.

Before each juror is called to service, he receives by certified mail a copy of "A Handbook for Petit Jurors", published by authority of the Superior Court Judges, together with a summons and an information questionnaire. In the handbook it is clearly set out that a jury's verdict must be unanimous and that each juror should give full consideration to the opinions of his fellow jurors, but that he is not required to give up his own opinion which he is convinced is correct. Presumably, each prospective juror reads these instructions. This appellant has made no showing to overcome that presumption.

When a jury has reached a verdict and is returned to the courtroom, the Prothonotary asks the foreman what the verdict is. The foreman then announces it. Upon this, the Prothonotary then addresses the entire jury as follows: "And so say you all?" At this point, any juror may speak up and deny that he had agreed. This was done

in this case without complaint by the appellant.

Finally, any party or the court then has the right to demand that the jury be polled, in which event each juror is asked if the verdict returned is his verdict. This right is assured by Criminal Rule 31(d). This appellant did not demand that the jury be polled.

We think, therefore, that it is plain that the verdict returned in this case was unanimous and, in the complete absence of any showing negating this, we refuse to assume the contrary. We hold that, under the circumstances of this case, there was no error in failing to instruct the jury on the unanimity requirement.

We think, however, that in the future all doubts on this point should be laid to rest by instructing the jury in every case as a matter of course in accordance with Criminal Rule 31(a) that its verdict must be unanimous. This places no heavy burden on the trial judge. It would be an improvement in our system, we think, to remind the jury in every case that a defendant is entitled to a unanimous verdict since that is his constitutional right.

Appellant relies primarily on Coby v. State, 225 Md. 293, 170 A.2d 199. The *Coby* case was decided under Article 21 of the Maryland Declaration of Rights * which has been construed to require as a constitutional right that an instruction as to unanimity be given. We decline to adopt the mandatory requirement found necessary in *Coby*.

We have considered the above question, even though it was not raised in the court below, for the reason that we considered it of sufficient importance to be finally settled, and because it was raised before us in the form of a constitutional question. We decline, however, to consider the remaining questions presented by the appel-

---

\* Article 21 of the Maryland Declaration of Rights provides that every man has the right to a speedy trial by an impartial jury "without whose unanimous consent he ought not to be found guilty."

lant for the reason that they were not raised in the court below by appellant's then counsel, and none of them constitute plain error or a violation of constitutional rights which we may raise for the first time on our own motion. Rule 5(7); Pepe v. State, 3 Storey 417, 171 A.2d 216 (1961), cert. den. 368 U.S. 31, 82 S.Ct. 145, 7 L.Ed. 2d 90; Robinson v. Meding, 2 Storey 578, 163 A.2d 272 (1960); Richards v. State, 6 Terry 573, 77 A.2d 199 (1951).

The conviction below is affirmed.