321 So.2d 1 (1975)
Joe H. SHANNON
v.
STATE of Mississippi.
No. 48725.
Supreme Court of Mississippi.
October 27, 1975.
*2 Hathorn & Hathorn, Louisville, for appellant.
A.F. Summer, Atty. Gen., by Catherine Walker, Special Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
PATTERSON, Justice.
Joe Shannon was convicted of murder by the Circuit Court of Winston County. He was sentenced to life in the state penitentiary and now appeals. We affirm.
The first assignment of error is that the trial court erred in not directing a verdict for the defendant at the conclusion of the state's evidence, in not granting a peremptory instruction at the conclusion of all the evidence, and in holding that the verdict of the jury was not against the overwhelming weight of the evidence.
Five witnesses for the state, including the sheriff of the county, were present when the appellant shot and killed Bill Coward. They testified there was no struggle between the two preceding the shot fired by the appellant. It is true that four witnesses for the defense, including the appellant, testified there was a struggle between the two prior to the homicide. There was, therefore, a classic case of conflicting evidence to be resolved by a jury. The resolution of the conflict was unfavorable to the appellant, but there is no way we can state there was not sufficient evidence to withstand the motions for a directed verdict, peremptory instruction, or that the verdict was against the weight of the evidence. We opine, as we have many times before, that conflicts of evidence are properly left for the jury's resolution. King v. State, 315 So.2d 925 (Miss. 1975), and Murphree v. State, 228 So.2d 599 (Miss. 1969).
The appellant next contends the trial court erred when it did not permit some locks of the appellant's hair to be introduced into evidence. There was testimony by the defendant and some of his witnesses, but not his wife, that Coward approached the defendant as he was seated in an automobile and, as the aggressor, grasped the appellant's hair, thereby pulling and beating his head against the automobile door, during the course of which some hair was pulled from the defendant's head. This hair, according to the record, was later found in the appellant's automobile by his sons.
The hair was sought to be admitted into evidence by the appellant's wife to whom it had been given for safekeeping. If permitted in evidence, it would have been an exhibit relating to the testimony of some of the defense witnesses and to that limited extent perhaps corroborative of it. However, we are unable to discern any prejudice resulting from its exclusion since all of the testimony concerning the "hair pulling" was before the jury for its consideration. Its introduction would have added little, if any, weight to the evidence and was largely within the discretion of the trial judge [Carter v. State, 310 So.2d 271 (Miss. 1975)] and under the circumstances we do not find an abuse of discretion, if there be such, amounting to prejudicial error, requiring reversal.
It is next argued there was error in admitting the testimony of a prior threat of the defendant directed to the decedent's son. In Thompson v. State, 84 Miss. 758, 36 So. 389 (1904), it was stated that the details of previous difficulties should not be shown in evidence. However, the details of the threat made by Joe Shannon toward the decedent's son were to a great extent the product of the cross and direct examinations by the defense attorney. Moreover, in Self v. State, 178 Miss. 560, 174 So. 44 (1937), we stated:
Under such circumstances, we think the evidence tended to shed light on the issue as to who was the aggressor in this difficulty, and we think the evidence was admissible as showing the appellant's malicious purpose, even if we assume *3 that the threats and statements were general, and, to some extent, impersonal, and that such evidence was competent... .
178 Miss. at 568, 174 So. at 46.
Similarly, the threat in this case was not remote since it occurred on the day of the homicide and had probative value, we think, to direct light on the issue as to who was the aggressor in the difficulty. See Washington v. State, 307 So.2d 430 (Miss. 1975). We conclude the trial court properly permitted this testimony into evidence.
The next contention of the appellant is that the court erred in granting all of the instructions requested by the state except the formal ones and in the refusal of certain instructions requested by the defendant. The primary objection, however, is focused upon the want of a specific instruction relating to manslaughter. A review of the instructions reveals that one was obtained by the state defining both murder and manslaughter. Additionally, several instructions were granted the defendant upon the issue of self-defense. When these instructions are considered together, as we have done, we are unable to say that there was prejudicial error emanating from the granting of the instructions requested by the state or the refusal of some of the defendant's instructions. We conclude this assignment is without substantial merit since we are unable to say that the appellant was prejudiced by the instructions when they are considered in their entirety.
We have studied all other assignments of error, reviewed the record in detail, and are of the opinion the defendant received a trial in accord with due process of law and that the evidence supports the conviction. We therefore affirm.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.