485 So.2d 1047 (1986)
Jessie Lee GILL
v.
STATE of Mississippi.
No. 56123.
Supreme Court of Mississippi.
March 5, 1986.
*1048 Laurie S. Caldwell, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
Jessie Lee Gill was convicted of attempted sexual battery by the Circuit Court of the First Judicial District of Harrison County and sentenced to serve a term of thirty (30) years in the custody of the Mississippi Department of Corrections.
The appellant is the father of the prosecutrix, Lynn Gill. Also living in appellant's home were his wife Mary and son Joshua.
Lynn's testimony was that her father came into her bedroom while she and her brother Joshua were playing and told Joshua to go to his room. The appellant then tried to take her clothes off. Lynn resisted but the appellant kept putting his hands inside her clothes and tried to penetrate her vaginal opening with his hand. Lynn managed to get to the living room where appellant pushed her to the floor and tried to get her to touch his penis. The appellant got off her when he heard his wife drive up. Lynn ran to a neighbor's house; the neighbor called the police.
Joshua corroborated his sister's testimony that he left her bedroom when told to by his father. He said he heard things being pushed and hitting the wall in his sister's room. He heard his sister screaming and his father say, "Kiss it, let me have one finger and take your clothes off."
Donna Davis, the neighbor that Lynn ran to, testified that Lynn came to her house hysterical and crying. Lynn told Mrs. Davis that her father had tried to rape her.
Mary Gill testified that when she arrived home she was told by Joshua that Lynn and her father had had a "fuss." Mrs. Gill was asked by defense counsel about an argument she and Lynn had two weeks before the incident. Purportedly, Lynn wanted her mother to divorce her father and when she discovered her father still at home the next morning Lynn promised to "get even" with him. During this argument with her mother Lynn accused her father of raping her on four previous occasions.
*1049 On appeal the appellant assigns three errors in the trial below.

I. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN DEFENDANT'S MOTION FOR DIRECTED VERDICT MISS. CODE ANN. § 97-3-95 (1984 Supp.)
Miss. Code Ann. § 97-3-95, cited by appellant, reads:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) another person without his or her consent;
(b) a mentally defective, mentally uncapacitated or physically helpless person; or
(c) a child under the age of fourteen (14) years.
Attempted sexual battery is a criminal offense by virtue of Miss. Code Ann. § 97-1-7, which reads in part:
Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: ... [I]f the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.
In passing on motions for directed verdicts and requests for peremptory instructions of not guilty, all evidence on behalf of the State is taken as true, together with reasonable inferences that may be drawn therefrom, and, if there is sufficient evidence to support a verdict of guilty, the motion for directed verdict must be overruled and the peremptory instruction must be denied. Barker v. State, 463 So.2d 1080 (Miss. 1985); Shelton v. State, 445 So.2d 844 (Miss. 1984); Wilks v. State, 408 So.2d 68 (Miss. 1981); Bayse v. State, 420 So.2d 1050 (Miss. 1982).
Appellee's attack centers on the credibility of the defense witnesses and the weight to be given their testimony. However, the credibility and weight of the evidence are for the jury and not for this Court to determine.
This record clearly makes out a jury issue. Any conflicts or inconsistencies were for the jury to resolve. This Court does not reverse criminal cases solely on disputed issues of fact. Thornton v. State, 313 So.2d 16, 18 (Miss. 1975). As cited in Gandy v. State, 373 So.2d 1042, 1045 (Miss. 1979):
... Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject, the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into findings of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individual sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution. Shannon v. State, 321 So.2d 1 (Miss. 1975).
On review, if there is competent evidence to support the verdict, it will be upheld. Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959); Rogers v. State, 219 Miss. 231, 68 So.2d 105 (1953); Byrd v. State, 154 Miss. 742, 123 So. 867 (1929); Ransom v. State, 149 Miss. 262, 115 So. 208 (1928).
We can only conclude that the motion for directed verdict was properly overruled.

II. TRIAL COURT ERRED IN ALLOWING HEARSAY TESTIMONY FROM A PROSECUTION WITNESS CONCERNING DETAILS OF THE ALLEGED SEXUAL BATTERY.
Donna Davis, a near neighbor of the Gill family, was called as a witness for the *1050 State. Lynn Gill came to Mrs. Davis home immediately after the incident on October 9, 1982, and it was Mrs. Davis who called the police. She testified that Jessica said "my father or stepfather tried to rape me and I'm not going back." Defense counsel objected to the testimony as hearsay, and the objection was overruled by the court.
In Anderson v. State, 82 Miss. 784, 788, 35 So. 202, 203 (1903) the Court said:
Ordinarily any and all statements made by a party assaulted after the commission of the crime is hearsay, and not admissible. An exception is made in the case of rape alone, but even in that case no statements made by the prosecutrix are admissible except her complaint that she had been ravished. The details of the transaction, the name of the party accused, the place where it is said to have occurred, the time of the alleged offense, cannot be proven by a repetition of the words of the prosecutrix.
This rule is in keeping with the cases cited by appellant, Redding v. State, 211 Miss. 855, 53 So.2d 7 (1951) and Kirkland v. State, 371 So.2d 402 (Miss. 1979). However, this rule had been modified to allow this type testimony. The evolution of the rule can be found in Cunningham v. State, 467 So.2d 902 (Miss. 1985). In Williams v. State, 427 So.2d 100 (Miss. 1983) this Court adopted the following rule from the Michigan Court of Appeals:
Hearsay testimony concerning the details of a complaint of sexual assault is admissible where the complainant is of "tender years" if her statement is shown to have been spontaneous and without indication of manufacture, and if any delay in making the complaint is excusable insofar as it is caused by fear or other equally effective circumstances. (Emphasis added). (People v. Mikula, 84 Mich. App. 108, 116, 269 N.W.2d 195, 199 (1978)).
427 So.2d at 102-103.
In Cunningham we went further and dropped the requirement that prosecutrix be of "tender years" or under the age of twelve (12). The prosecutrix in the case sub judice was twelve (12) at the time of the incident. In Cunningham the prosecutrix was an adult and made a spontaneous statement to a law enforcement officers; there was no indication that her accusation was manufactured.
The rule was modified "so that when a prosecutrix states the name of her attacker, and the statement appears to be spontaneous and without indication of manufacture, it should be received in evidence as an exception to the hearsay rule." 467 So.2d at 906.
Appellant attempts to distinguish this case from the Cunningham case based on the prosecutrix's failure to complain to her mother as the prosecutrix ran by her mother on the steps. Appellant also argues that sufficient time elapsed during the time the prosecutrix ran from the Gill's home to Donna Davis' home for the prosecutrix to have manufactured a sexual attack. Neither of these arguments is persuasive enough to warrant reversal on this point. There is no indication in the record that the prosecutrix had an opportunity to speak to her mother or that there was any delay in making the complaint to Donna Davis. We can find no error in allowing this testimony.

III. TRIAL COURT ERRED IN ALLOWING HEARSAY TESTIMONY CONCERNING PRIOR RAPES OF THE PROSECUTRIX BY THE DEFENDANT.
Mary Gill, the mother of the prosecutrix and wife of the appellant, testified for the defense. The defense attempted to show through her testimony that Lynn Gill was hostile toward her father and had urged her mother to divorce him. As a part of this attempt to impeach Lynn's testimony, defense counsel questioned Mrs. Gill about a conversation which took place two weeks before the incident which gave rise to the charges in this case. In this conversation Lynn is alleged to have said she would "get even" with her father.
*1051 On cross-examination the prosecution was allowed to bring out more of the same conversation, including testimony from Mrs. Gill that Lynn had told her that the appellant had raped her four (4) times.
Appellant contends that the testimony was inadmissible hearsay and highly prejudicial, with any probative value outweighed by the prejudice.
The State points out that no specific objection was made to the testimony as hearsay, and as a consequence the objection is waived and can not be raised on appeal.
Moreover, the objectionable testimony was a continuation of a conversation brought in by the defense in an attempt to show the prosecutrix's hostility toward her father and once having allowed a partial view of the circumstances, the prosecution was rightly allowed to include the remainder of the mother's conversation with the daughter, including accusations against the father of prior sexual assaults. The trial court told the appellant that he could not "shut the door". Where one side opens the door, the other may come in and develop that point in greater detail. See Jefferson v. State, 386 So.2d 200, 202 (Miss. 1980); Cf. Simpson v. State, 366 So.2d 1085, 1086 (Miss. 1979).
There being no reversible error found in the proceedings below, the judgment and sentence of the Circuit Court are affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.