CAMPBELL, Judge.
Judy McClain appeals from an order of the trial court finding her in direct criminal contempt. We find that the court abused its discretion and reverse.
McClain and her fiance, Mr. Overton, were both charged in Pinellas County in connection with an assault against two men. McClain entered a plea to a misdemeanor charge arising out of the incident. Overton was to stand trial on a charge of aggravated assault.
In the case against Overton, McClain was listed as a witness for the state and for the defendant. The state asked to depose *1165 McClain, and the defense made her available; however, the state refused to allow Overton to be present during the deposition. The defense objected and moved for a ruling. While the court was considering the matter, the state filed a subpoena for investigation. Under the subpoena, the judge allowed the state to talk to McClain without her counsel being present.
It appears from the record that at some point McClain informed the state that prior to the assault for which she and her fiance were charged, she thought that one of the victims had exposed his sexual organs to her. The state then questioned McClain about an alleged sexual assault against her by a police officer which had occurred the year before. The record does not reveal how the state became aware of this previous alleged assault. McClain refused to identify the officer who had made the assault because of threats against her and her family. The court found that this did not constitute legal cause not to answer and found McClain in direct criminal contempt.
The state attorney argues that he is entitled to the information regarding this 1979 assault as it relates to McClain’s credibility. However, the record does not indicate how this information could be used to impeach McClain under sections 90.608-610, Florida Statutes (1979).
Inquiries into collateral matters should only be allowed when they affect the credibility of the witness. The court in Wallace v. State, 41 Fla. 547, 576, 26 So. 713, 722 (1899), stated:
The rules which should govern the trial court in exercising its discretion in allowing or disallowing inquiries into collateral matters to affect credibility do not authorize any question to be put for the sole purpose of disgracing the witness. The court should disallow all inquiries into collateral matters which do not tend to affect credibility.
We agree with that view.
As there has been no demonstration here that the information sought to be elicited from McClain does affect her credibility, we find that the trial court has abused its discretion.
In holding McClain in contempt, the court seemed to indicate that the answers to the questions propounded by the assistant state attorney for Pinellas County, which McClain refused to answer, might be pertinent to an investigation of a criminal offense of some sort. The questions asked of McClain would not be pertinent to an investigation of the merits of the Pinellas County assault charge against Overton, nor should they properly be part of an investigation into the alleged assault by a police officer in Hillsborough County which had allegedly occurred one year previously. Hillsborough County constitutes another jurisdiction, and the state attorney’s office of that county would be the proper authority to determine whether or not to pursue that alleged offense.
We find that neither of the grounds given by the court for its attempt to compel an answer is valid. The trial court has abused its discretion, and we reverse the order finding McClain in contempt.
BOARDMAN, Acting C. J., and OTT, J., concur.