397 So.2d 997 (1981)
Annie Ruth HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 80-485.
District Court of Appeal of Florida, Fourth District.
April 22, 1981.
Rehearing Denied May 20, 1981.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant was charged with the crimes of battery on a police officer and resisting arrest with violence. During the course of her trial a witness (Green) gave testimony tending to show that the police officers may have been the aggressors. On cross examination by the state the following exchange occurred:
MR. FENNELLY: (Prosecutor) Isn't it true that you have been convicted of obstructing the police 
MR. MASLANIK: Your honor, I object That's improper impeachment. And move for mistrial at this time. The state attorney knows what the rules of evidence require and he's blatantly violated those rules.
THE COURT: All right, I'll reserve on your motion. Go ahead and ask him the question properly. Have you ever been convicted of a crime?
MR. FENNELLY: Have you ever been convicted of a crime?

*998 A. (By Mr. Green) Well, as I was running for public office I was doing some campaigning and I was charged with trespassing. And one of the charge was dropped. The other told Mr. Hope about it and I think they seen fit  at that particular time I didn't see where I was violating the law. Actually in my opinion by me running get into the race, go into the details of it, I was actually withdraw from the race and I thought it was politics motivation behind it, the reason why I was charged with trespassing. Some of the things. Actually that don't have any bearing to me on this case.
A copy of Green's conviction of obstructing justice was introduced into evidence.
On appeal appellant relies on Section 90.610(1), Florida Statutes (1979) and Fulton v. State, 335 So.2d 280 (Fla. 1976) for the proposition that even if the limitations of the statute are met, only the fact of conviction may be introduced to impeach the credibility of a witness. It is appellant's position that the nature of the crime of which the witness was convicted is inadmissible so that prejudicial error was committed when the trial court refused to direct a mistrial and permitted introduction of the conviction into evidence.
Section 90.610(3), Florida Statutes (1979) provides that the admissibility of evidence under Section 90.608, Florida Statutes (1979) is not affected by the limitations contained in Section 90.610(1). The former statute relates, among other things, to the right to attack the credibility of a witness by showing bias.
The testimony and record of conviction objected to by appellant were introduced to show that the witness, Green, had a bias or prejudice against law enforcement personnel. To show bias it is obviously necessary to show the nature of acts by the witness which evidence such bias. To do this it is necessary to show and explain the nature of the crime of which the witness was convicted. Thus we agree with the trial court's conclusion that conviction of a specified crime may be introduced to show bias of a witness.
The trial court also determined, on the facts presented, that, in this particular case, the conviction of obstructing justice tended to demonstrate bias. This finding of fact comes to us clothed with a presumption of correctness and is substantiated by evidence in the record.
We limit our holding to the facts of the present case and do not consider whether a similar rule prevails in the case of prior convictions of a criminal defendant. As to a witness in a criminal proceeding we determine that evidence of the nature of the crime for which the witness has previously been convicted may, under appropriate circumstances, as here, be admissible to demonstrate bias on the part of the witness.
Appellant's second point on appeal is without merit.
No error having been committed by the trial court, we affirm.
DOWNEY and MOORE, JJ., concur.