464 So.2d 1151 (1985)
Ernest Randolph NOBLES
v.
STATE of Mississippi.
No. 55390.
Supreme Court of Mississippi.
February 20, 1985.
*1152 Ronald L. Whittington, Guy, Whittington & Ott, McComb, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Pike County wherein the appellant, Ernest Randolph Nobles, was found guilty of the aggravated assault of Bill Bates. Nobles was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. From his conviction and sentence he brings this appeal and assigns as error the trial court's refusal to grant Instruction D-6 and his assertion that the verdict of the jury was against the overwhelming weight of the evidence.
Bill Bates, the victim, testified that he had known Nobles for three to four years. They met through Nobles' niece with whom Bates had had a child. Bates testified that on Monday, May 9, 1983, he saw Nobles at a gas station so he pulled in to say hello. Bates stated that he had seen Nobles on the Friday before and that they had had a disagreement on that night. The disagreement stemmed from Nobles telling Bates that he would be at a particular location and then failing to show.
Bates testified that when he arrived at the gas station Nobles started complaining to him about Bates' actions on Friday night. Bates stated that Nobles and he began exchanging curses. Nobles then threatened to cut Bates' throat in retaliation for their Friday night disagreement. Nobles took a knife out of his pocket and opened the blade. Bates testified that when he saw Nobles' knife he feared for *1153 his own safety and for that of his two year old son whom he had with him. Bates testified that he told Nobles he was leaving and did not have time to argue. Bates put the child in the car from the driver's side and then felt something running down his face. He looked up and saw Nobles backing away from him with the open knife. Bates then noticed blood running from his face. Bates testified that at that point Nobles threatened to kill him.
After being cut, Bates ran across the street and was given a ride to the hospital. Bates' brother arrived on the scene moments later and took Bates' child home. Bates testified that throughout the incident he was unarmed. He further denied that he was reaching for a weapon at the time he was cut.
Dr. Will K. Austin, an emergency room physician at the Southwest Mississippi Regional Medical Center, testified that when Bates arrived at the hospital he had a severe laceration on his left cheek. The cut extended from Bates' face all the way to the back of his head, completely through the left ear and down to the skull. Bates had major arterial bleeding from several places. Dr. Austin testified that Bates had lost a lot of blood and if the blood loss had continued much longer the situation would have been life threatening. The wound required several hundred stitches to close.
Following Dr. Austin's testimony the state rested.
Darrel Nobles, the defendant's first cousin, was the first witness to testify for the defense. Darrel worked at the service station where the incident occurred. He testified that Nobles was at the gas station when Bates arrived with his son. Bates took the child out of the car and began arguing with Nobles about something that had occurred a few days prior. Bates and Nobles cursed each other and Darrel told them both to leave because their arguing was bad for business. According to Darrel, Bates then put the child in the car and began to feel down the side of his car seat either in the front or the back. As he was doing this, Nobles cut him.
The defendant, Ernest Randolph Nobles, testified in his own defense. Nobles stated that he had seen Bates on the Friday before the incident at the home of his brother-in-law, James Carter. Nobles admitted that he had lied to Bates and told him that he would be at a local cafe but had instead gone to James Carter's house. Nobles stated that Bates came by Carter's house that night cursing and threatening him. According to Nobles, Bates threatened to whip him because he had lied concerning his intended whereabouts.
Nobles testified that on the day of the cutting incident he was at the gas station when Bates arrived. Nobles then "tried to explain I didn't appreciate his (Bates) threats on Friday." The two of them exchanged curses. Nobles testified that Bates then put the child in the car and started to reach for something. Nobles denied that he had drawn his knife before Bates "started reaching" but added "He came up pretty fast so I cut him."
Nobles testified that he thought if he did not use his knife immediately Bates would hurt him. Nobles admitted that he never saw a weapon on Bates and further admitted that he was mistaken when he cut Bates.
James Carter, Nobles' brother-in-law, testified that he was with Nobles at the time of the incident. Carter stated that as they were at the gas station, Bates drove up and Nobles told Bates that Bates had done him wrong. They began exchanging curses. Bates then put the child in the car and "went up under the seat." Bates then "came up real fast" and at that point Nobles cut him. Carter testified that Bates has a violent reputation and a reputation for being armed. Following James Carter's testimony the defense rested.
After considering the testimony and physical evidence the jury returned a verdict of guilty of aggravated assault.
*1154 Nobles' first assignment of error is that he should have been granted Instruction D-6. That instruction reads:
The Court instructs the jury that if you believe from the evidence presented beyond a reasonable doubt that Ernest R. Nobles recklessly caused bodily injury to or that he negligently caused bodily injury to [sic] with a deadly weapon, you may find the defendant, Ernest R., Nobles, guilty of simple assault.
D-6 was refused because the court found it was contrary both to the evidence of the state and that of the defendant. Nobles argues that D-6 was a proper instruction and adequately set forth the criteria necessary to find him guilty of simple assault, a lesser included offense which Nobles argues the jury could properly have found him guilty of.
The applicable statute is § 97-3-7 Miss. Code Ann. (Supp. 1984):
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical means to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both.
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
Nobles' theory is that he negligently determined that cutting Bates was necessary for his own defense. This is an interesting but unpersuasive argument.
The recklessness or negligence contemplated by the statute is in the act itself. It does not refer to the subjective intent of the defendant. Whether Nobles acted in self defense is a question for the jury. Either he did or he didn't. The reckless or negligent belief that he was acting in self defense is contra to the foundation of that defense, i.e., the reasonable belief of imminent bodily harm.
The testimony both for the state and the defense was that Nobles attacked and cut Bates at a time when Bates had his back turned. All of the evidence indicates that Nobles cut Bates neither recklessly nor negligently. The attack was deliberate and premeditated. This Court has repeatedly held that where the evidence does not support the granting of an instruction on a lesser included offense that instruction should not be given. Colburn v. State, 431 So.2d 1111 (Miss. 1983). In the opinion of this Court the trial judge was correct that this is just such a case. While Nobles may have been reckless or negligent in jumping to the conclusion that his life was in danger, his testimony reflects that when he cut Bates the cutting itself *1155 was not an act of negligence or recklessness.
We note that in a recent case, Lee v. State, No. 55,477 (Miss. decided February 13, 1985) (not yet reported), we reversed Lee's conviction because he was not granted an instruction on the lesser included offense of simple assault. Our decisions are not incompatible. In Lee, the defendant's version of the events warranted such an instruction. As previously discussed, even Nobles' version does not support the requested instruction and a verdict of simple assault would not have been warranted under these facts.
Nobles' second assignment of error is that the verdict of the jury is against the overwhelming weight of the evidence. The standard of review in this Court is that all of the testimony offered by the prosecution, together with the reasonable inferences drawn therefrom must be considered and if that evidence will support a verdict of guilty, the jury's decision will not be overturned. Goldman v. State, 406 So.2d 816 (Miss. 1981); Mitchell v. State, 402 So.2d 329 (Miss. 1981).
We are of the opinion that the evidence is more than sufficient to establish that Nobles is guilty of aggravated assault. Not only did he admit to cutting Bates with a knife that had a five to six inch blade, Dr. Austin's testimony established that the wound cut several major arteries and was life threatening had it not been treated. Furthermore, Bates testified that prior to assaulting him, Nobles threatened to kill him. This evidence is sufficient to establish that Nobles purposely caused serious bodily injury to Bates with a deadly weapon. That is all that is required by the statute. We are therefore compelled to affirm Nobles' conviction and sentence.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.