PER CURIAM.
After arguing with a coworker about assigned tasks, the appellant had a physical altercation with the coworker which resulted in the coworker receiving facial injuries possibly inflicted with a claw hammer. The State charged the appellant with aggravated battery and the jury convicted him as charged. He now appeals, contending the trial court erred in allowing the State to impermissibly impeach his only defense witness on a collateral matter. We agree and reverse.
At trial three witnesses testified about the events leading up to and surrounding the fight. Mr. Myrick, the victim, and another coworker were the two State witnesses. The appellant’s brother was the only witness for the defense. Neither State witness could say that he saw the claw hammer in the appellant’s hand or that the appellant struck the victim with it although it was seen nearby on the ground immediately following the fight after the appellant had fled the scene. Mr. Myrick’s injuries were consistent with being struck with a claw hammer, but when treated for his injuries he told a different story to emergency room personnel about how he was injured. The appellant’s brother had been waiting across the factory yard on the porch of the appellant’s mobile home for the appellant to return there on a break. The brother testified that the appellant was not the aggressor in the fight, that he never saw the appellant with the claw hammer in his possession, and although he saw his brother strike Mr. Myrick in self-defense it was not with the hammer. The testimony thus presented a pure credibility determination for the jury.
While the appellant was in the county jail awaiting trial in this matter, his brother was also jailed in the same facility after being arrested for driving while his license was suspended or revoked. The record does not *562 disclose how long the brother was jailed or if the brothers were in contact while at the facility together. Neither does it show whether the brother was convicted of the charges against him. Defense counsel at trial moved in limine to exclude any mention of the brother’s stay in jail at the same time as the appellant. The trial court denied this motion saying it would let the prosecutor put forth some evidence to raise the reasonable inference that there was an opportunity for the brothers to talk. At trial the brother admitted he had spoken to the appellant after the incident but did not discuss his testimony with the appellant. Over defense objection, the prosecutor elicited from the brother that after the incident he was in the county jail for a traffic offense at the same time as the appellant. Moreover, during his closing argument, the prosecutor again pointed out the fact that the appellant and his brother were incarcerated in the county jail at the same time. After the jury returned its verdict, the trial court sentenced the appellant to ten years in prison followed by five years’ drug probation.
When a jury has only to make a credibility determination of who to believe about the facts testified to, improper impeachment becomes a serious error. See Breedlove v. State, 580 So.2d 605, 609 (Fla.1991). When defense counsel moved in li-mine to exclude any reference to the appellant’s brother’s incarceration before trial, the prosecutor admitted that he had no evidence that the appellant and his brother did or were able to speak to each other while in the county jail at the same time. Allowing the prosecutor to inform the jury about, the brother’s incarceration on a traffic offense served only to embarrass the only defense witness and discredit him. The brother’s incarceration after - an arrest for a traffic offense was merely a collateral matter which did not tend to affect his credibility. See McClain v. State, 395 So.2d 1164 (Fla. 2d DCA 1981) (court should disallow all inquiry into collateral matters not tending to affect credibility and put forth for sole purpose of disgracing witness).
We reject the State’s argument that the prosecutor’s eliciting this evidence was proper impeachment solely to show bias. The inferred bias of the brother, by his familial status alone, was already present without the need to point out the fact of their simultaneous incarceration. Additionally, it is not logical to believe, as the prosecutor theorizes, that the appellant could not talk to his brother unless the brother was also in jail. It was sufficient for the prosecutor to point out the familial tie between the two men through cross-examination of the brother and by argument to the jury regarding the natural inference of a bias based on that relationship. Moreover, the evidence of the brother’s incarceration, before trial at the same time as the appellant was the vehicle to let the jury know that the appellant himself was incarcerated pending trial. This impermissibly raised an inference that the appellant was especially dangerous or had committed other crimes.
Assuming, arguendo, the evidence of the brother’s incarceration was relevant, its probative value was substantially outweighed by its prejudicial effect. See Breedlove, 580 So.2d at 609; Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993). In the swearing contest this case presented, the error of impermissibly impeaching a defense eyewitness on a collateral matter is not harmless. See State, v. DiGuilio, 491 So.2d 1129 (Fla.1986); see, e.g., Correia v. State, 654 So.2d 952 (Fla. 4th DCA 1995) (admission of improper collateral impeachment of alibi witness through third party not harmless because only positive evidence of guilt was victim’s identification which defendant claimed was fabricated).
We reverse the appellant’s conviction and sentence and remand for a new trial.
DANAHY, A.C.J., and PATTERSON and QUINCE, JJ., concur.