THOMAS, J.,
for the court.
¶ 1. Tasha Allen was found guilty in the Circuit Court of Tunica County of aggravated assault and sentenced to seven years with five years suspended. She was also ordered to pay a supervisory fee of twenty dollars per month and a two-hundred fifty dollar credit to indigent defense expense, and make full restitution to the victim. Aggrieved, she asserts the following issues:
I. THE LOWER COURT ERRED IN THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE LOWER COURT ERRED IN FAILING TO GRANT A LESSER-IN CLUDED-OF-FENSE INSTRUCTION ON SIMPLE ASSAULT.
Finding no error, we affirm.
FACTS
¶2. Tasha Allen was employed in the restaurant at the Horseshoe Casino in Tu-nica, Mississippi. In October 1997, Allen and a co-worker at the Horseshoe Casino, Thyisa Williams, were not getting along at work. On October 25, a restaurant manager broke up an argument between Allen and Williams and instructed them to handle their differences on their own time and away from the casino. The next day, Allen asked another co-worker, Chiquita Whitehead, for a ride home. There was testimony that Williams overheard this conversation and asked Whitehead if she would be stopping anywhere after work. Whitehead told Williams that she would be getting gas at the Exxon station on Highway 61 in Tunica.
¶ 3. At 3:00, Williams left the Horseshoe and went to the Exxon station with several other co-workers. Allen and Whitehead left the casino at 3:15 and then proceeded to the Exxon also, where they pulled up to a pump next to Williams. There was contradictory testimony about what occurred next. Allen and Williams exchanged words and insults. Allen admitted to having a red box cutter with her, but also states that Williams was armed with a yellow box cutter. Other witnesses denied seeing Williams with a yellow object or with anything in her hands. There was also differing testimony about who made the first move, but it is unquestioned that Williams was cut on the hip, stomach, breast, arm, face and head during a struggle with Allen. After being separated by the co-workers present, Williams was taken to the hospital. Allen went inside the Exxon and had a small cut on her hand bandaged by employees before leaving the premises. Allen was later found by the police at her residence in Tate County.
¶ 4. A trial was held in Tunica County Circuit Court beginning on April 20, 1998. The State called the victim, Thyisa Williams, as well as three other witnesses to testify who were present at the Exxon. The State also called two managers from Horseshoe Casino and the responding and investigating officers. In her defense, Allen testified as well as Chiquita Whitehead who drove Allen to the Exxon. Two other co-workers also testified for the defense, one of whom was also present at the Exxon at the time of the incident. At the conclusion of the trial, the jury convicted Allen of aggravated assault.
*766 ANALYSIS
I. DID THE LOWER COURT ERR IN THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 5. Allen argues that her conviction should be reversed on grounds that the jury verdict was against the overwhelming weight of the evidence. Allen asserts that there was testimony that Williams went to the Exxon to wait for her, that Williams was the aggressor, and that Allen acted in self-defense. There was, however, testimony given to the contrary. Although Williams did arrive at the Exxon before Allen, testimony showed that Allen also knew Williams would be going to the Exxon. Other witnesses testified that Allen was the aggressor and that only Allen was armed with a box cutter. Determining whom to believe is a matter for the jury. Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993).
¶ 6. In Ford v. State, 763 So.2d 489, 490(¶ 8) (Miss.Ct.App.1999), we held that:
[I]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (¶ 7) (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (¶ 29) (Miss. 1998); Herring v. State, 691 So.2d 948, 957 (Miss.1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). “Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896 (¶ 14) (Miss.1998). “In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (¶ 9) (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). Based on the record before us, the evidence was more than sufficient to allow the case to go to the jury, and the jury’s verdict was not against the overwhelming weight of the evidence. This assignment of error is without merit.
II. DID THE LOWER COURT ERR IN FAILING TO GRANT A LESSER-INCLUDED-OFFENSE INSTRUCTION ON SIMPLE ASSAULT?
¶ 7. Allen asserts that the lower court erred when it failed to grant a lesser-included-offense instruction on simple assault. The lower court initially stated that it would give a lesser-included-offense instruction, although it would not give such an instruction on the negligent cause form of simple assault. Mississippi Code Annotated section 97-3-7(1) (Rev.1999) states, “A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.” Since Allen was basing her defense on the theory of self- *767 defense, the lower court held that it would be contrary to her theory of the case to include negligently causing bodily injury to another. The lower court relied on Nobles v. State, 464 So.2d 1151 (Miss.1985), which was brought to its attention by the defense.
¶ 8. In Nobles, the defendant had cut another person with a knife and took the position that he had negligently or recklessly determined it was necessary to cut his victim in self-defense. Nobles, 464 So.2d at 1154. The Mississippi Supreme Court held that the recklessness or negligence considered in section 97-3-7(l)(a) and (b) refers to the act itself, not the subjective intention of the accused. The court stated, “the reckless or negligent belief that [the defendant] was acting in self-defense is contra to the foundation of the defense, i.e., the reasonable belief of imminent bodily harm.” Id.
¶ 9. After discussing Nobles with the court, Allen agreed with the court that she must choose between self-defense and the lesser-included-offense instruction. Allen chose self-defense and voluntarily withdrew the jury instruction regarding the lesser-included-offense instruction on simple assault. As this Court held in Towner v. State, 726 So.2d 251, 255 (¶ 9) (Miss.App.1998), by submitting and withdrawing the instruction, the responsibility will not be placed on the trial judge and Allen is precluded from complaining on appeal that the instruction was not given. We find no error in the trial court’s actions, and this assignment of error is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SEVEN YEARS WITH FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; AND MAKE FULL RESTITUTION TO THE VICTIM IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.