521 So.2d 898 (1988)
Nelson McKINNEY
v.
STATE of Mississippi.
No. 57360.
Supreme Court of Mississippi.
March 2, 1988.
Howard W. Bowen, Tupelo, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen., by Samuel W. Keyes, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
HAWKINS, Presiding Justice, for the Court:
Nelson McKinney was convicted in the Lee County Circuit Court of felonious rape and armed robbery and sentenced to life imprisonment. The issues we address on his appeal are the sufficiency of the evidence and whether the court erred in overruling McKinney's motion for a change of venue.
Finding no reversible error, we affirm.

FACTS
JoAnn Gann, a white female fifty years of age, was employed as a desk clerk at the Town House Motel in Tupelo. She began work at 11:00 p.m. on the night of January 1, 1985. It was not a busy night for the motel. Two rooms had been rented. About 11:45 p.m. she locked the door to the office, a practice at the motel. As she had done so, a black male knocked on the door and she opened it. He inquired about a room, and she told him it would be $25.
The man came into the office, handed her a five dollar bill saying he had some money in his pocket. He reached into his pocket, pulled out a pistol, and told her to give him the money.
She opened the cash drawer and handed him all the bills.
He then said, "Let's go." She got a key to Room No. 3 and at gun point they went to the room, which she opened. He then ordered her to undress. After this he directed her to perform fellatio on him. Following this he pushed her on the bed and raped her. He told her that he was not going to hurt her. He did not remove his clothes. When he finished, he straightened his clothes and left. Gann dressed and stayed in the room for a short while, and then looked out and seeing no one, ran to *899 the office, called the police and then the assistant manager and her husband.
The manager and police arrived shortly. Gann was taken to the hospital and examined. Some seminal fluid was found. No pubic hairs were found. Although the rapist wore no gloves, no fingerprints could be lifted at any place in the motel.
Nelson McKinney was indicted by the Lee County grand jury on May 31, 1985, for felonious rape of Gann, and also for armed robbery. On August 28 the two charges were consolidated upon motion by the State, and without objection by the defense. On September 9 McKinney moved for a change of venue, and following a hearing, the motion was overruled. The evidence offered into court as to the change of venue will be discussed later in the opinion. The case went to trial on September 11.
At the trial Gann positively identified McKinney as the person who robbed and then raped her.
McKinney's defense was an alibi. He was twenty-five, married and the father of two daughters, one only three months old and the other only a little over a year old. He was a high school graduate, and had gone one year to junior college on a baseball scholarship. He attended barber college and then married. Following that he had been employed in several jobs  a meat packing company, a furniture plant and in January, 1985, as a service agent for the Tupelo airport. He was in charge of locking up the airport at night, working from noon until 9:00 p.m. as a customer service agent.
He testified that on New Year's Day, he, his wife Phyllis and their children had gone to his wife's parents' home in Union County and spent the day. They came home around 9:00 or 9:30 p.m. that night. While his wife put the children to bed, he went outside to feed his beagle dogs. About twenty-five yards from McKinney's residence, the Willie Sorrells house was located. While outside feeding his dogs, McKinney testified he talked to Willie Sorrells and his son Michael. After that McKinney went back into the house, and testified he went to sleep and was at home in bed at 11:45 p.m. on the night of January 1, 1985. McKinney denied committing either the rape or the robbery of Gann, or having any knowledge of it. His wife also corroborated that he was at home asleep at that time. McKinney said he had never met, and did not know, Gann.
Willie and Michael Sorrells corroborated McKinney's alibi. Willie's wife, Mrs. Patricia Sorrells, was at work and was not due in until 12:00 or 12:30 that night. Both said they were watching television, and that the driveway to McKinney house was between the two houses, and that if McKinney had left, they would have heard his car leave the driveway. They said they did not hear McKinney's car leave. Also, Mrs. Sorrells testified when she got home that night, McKinney's car was in the driveway parked. Likewise, McKinney's wife testified that he stayed in bed all night, and did not get up and leave at any time.
Following trial and instructions of the court, the jury retired and rendered a verdict of guilty on both counts and sentenced McKinney to life imprisonment. The court overruled a motion for a new trial, and McKinney has appealed.

LAW
Under his assignment of error on the sufficiency of the evidence, McKinney attacks the proof offered by the State to show Gann was raped. It is well settled in this State that a conviction of rape may be upheld with the uncorroborated testimony of the victim. See: Williams v. State, 512 So.2d 666 (Miss. 1987); Henderson v. State, 187 Miss. 166, 192 So. 495 (1939). In this case Gann's conduct was consistent with a person who has been raped. She called the police, and her manager and was taken to the hospital. Some seminal fluid was found. This was clearly a jury question. While McKinney had a credible alibi, he makes no challenge as to Gann's identification testimony.
We would prefer that other evidence than Gann's testimony incriminating McKinney had been offered. The State *900 did, however, make a jury issue which we are not at liberty to disturb. See: Shannon v. State, 321 So.2d 1, 2 (Miss. 1975); Bond v. State, 249 Miss. 352, 357, 162 So.2d 510, 512 (1964).

CHANGE OF VENUE
McKinney also argues that the court erred in overruling his motion for a change of venue. He was tried on September 11, 12 and 13, 1985. Between March 18 and March 22, 1985, four articles appeared in the Tupelo Daily Journal discussing the crimes eventually attributed to Nelson McKinney. Three of the four articles appeared on the front page. One of these articles was published with a bank camera picture taken during a robbery of a man leaving with a bag. This picture appeared twice, but its first appearance was without McKinney's name and was not on the front page. Nelson McKinney was named in all three front-page articles. These articles mentioned several charges in addition to the two that were the subject of this trial. In all, McKinney was associated with three robberies and three rapes.
Six months of silence intervened between the publicity and the trial. The publicity here did not approach the level of publicity present in Wiley v. State, 484 So.2d 339 (Miss. 1986), where this Court affirmed a denial of motion to change venue. The level of publicity certainly did not approach that in Johnson v. State, 476 So.2d 1195, 1211 (Miss. 1985). Of the six factors indicating that venue should be changed, only one is present in this case. Weeks v. State, 493 So.2d 1280, 1286 (Miss. 1986). The trial court's refusal to grant a change of venue was not an abuse of discretion.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.