724 So.2d 480 (1998)
Timothy Dewayne BROWN a/k/a "Tim", Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00308 COA
Court of Appeals of Mississippi.
December 8, 1998.
Allan D. Shackelford, Clarksdale, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
Before McMILLIN, P.J., COLEMAN and PAYNE, JJ.
PAYNE, J., for the Court:
¶ 1. Timothy Dewayne Brown was convicted of armed robbery and sentenced to serve five years in the custody of the Mississippi Department of Corrections and to make full restitution to the victim of the crime. On appeal, Brown argues that the verdict was *481 against the overwhelming weight of the evidence. We find no error and affirm the conviction and sentence.

FACTS
¶ 2. On September 12, 1996, Terrie Renae Broom was walking to McDonald's with her niece when she passed a man in a red shirt leaning against a pole. She continued on and he followed her. He walked up behind her and put a gun in her back and demanded her purse. When she turned to look at him, he put the gun to her head, and she gave him the purse. He took the purse and fled.
¶ 3. Broom went to the police station and gave a description to the police. She was then shown a photo line up with six pictures, and she picked Timothy Brown from the photographs. The police returned to the area of the crime and located Brown, who was supposed to be babysitting. The police found a red shirt similar to the one the victim had seen on the robber in the house with Brown.
¶ 4. Terrie Broom identified Brown at trial as the man who robbed her. Melvin Johnson testified that he had seen Brown leaning on a pole and that Brown left following after the victim. Curtisine Cochran testified that she had hired Brown to babysit that afternoon at her house near the place where the victim was robbed. Cochran stated that she had seen Brown wearing a red shirt that day.

DISCUSSION
¶ 5. Brown argues that the verdict is against the overwhelming weight of the evidence. He contends that the only evidence against him is of such a contradictory, unbelievable nature that the case should be reversed and remanded for a new trial.
¶ 6. Specifically Brown contends that the victim described the robber who stole her purse as being dark skinned and that the only photograph in the lineup which was of a dark skinned male was the photograph of the appellant. Brown also complains that the victim initially stated that the robber was five feet five inches tall and that Brown is six feet one inch tall.
¶ 7. In determining whether a jury verdict is against the overwhelming weight of the evidence, the trial court is required to view all of the evidence in the light most favorable to the verdict. Strong v. State, 600 So.2d 199, 204 (Miss.1992). As to matters upon which the evidence was in conflict, the court should assume that the jury resolved the conflict in a manner consistent with the verdict. Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995). The court must grant a new trial if it reaches the conclusion, based upon a review of the evidence in this light, that to sustain the verdict would work a manifest injustice. Burrell v. State, 613 So.2d 1186, 1191 (Miss.1993). Otherwise, the court should deny the motion.
¶ 8. The photo lineup was entered into evidence with counsel for the defense stating that he had no objection. Brown cannot now on appeal object to the fairness or correctness of the photo lineup when he raised no objection at trial. See, e.g., Livingston v. State, 519 So.2d 1218, 1221 (Miss.1988); Cox v. State, 326 So.2d 794, 795 (Miss.1976). The question of the credibility of the identification of the defendant was resolved by the jury. See Kimbrough v. State, 379 So.2d 934, 936 (Miss.1980).
¶ 9. Brown was positively identified by the victim by the photo lineup and in the courtroom. Another witness saw Brown wearing a red shirt and saw him follow after the victim, and a third witness placed Brown near the place where the victim was robbed and wearing a red shirt that day. Upon review of this evidence, we find no manifest injustice in sustaining the verdict. We affirm.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE AND TO MAKE RESTITUTION TO THE VICTIM IS AFFIRMED. SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. *482 ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and SOUTHWICK, JJ., concur.