McMILLIN, C.J.,
for the Court:
¶ 1. Derrick Jordan was indicted for the crimes of armed robbery and aggravated assault arising out of an incident occurring in Oktibbeha County on March 12, 1998 in which the victim, Wilbur Bobo, was shot multiple times. Jordan was acquitted of the robbery charge but convicted of aggravated assault. He appeals, raising only one issue: namely, that the verdict was against the weight of the evidence. Finding the issue to be without merit, we affirm.
¶ 2. A claim that a guilty verdict in a criminal proceeding is against the weight of the evidence must be presented first to the trial court in the form of a new trial motion. URCCC 10.05; Davis v. State, 750 So.2d 552 (¶¶ 41-42) (Miss.Ct.App.1999). The trial court reviews the evidence in the light most favorable to upholding the verdict. Brown v. State, 724 So.2d 480(¶ 7) (Miss.Ct.App.1998). More particularly, the court must assume that, where the evidence on some critical element of the crime is in conflict, the jury, sitting as finders of fact, resolved the dispute favorably to the prosecution. Id. Only if, after reviewing all of the evidence in that light, the trial court is satisfied that a manifest injustice has occurred may the court order that the defendant receive a new trial. May v. State, 460 So.2d 778, 781 (Miss.1984). If the trial court denies the motion and that denial is raised as reversible error on appeal, this Court must review the evidence in the same light as the trial court and may intercede only if we are satisfied that the trial court abused its discretion. Wall v. State, 718 So.2d 1107(¶ 12) (Miss.1998).
¶ 3. In this case, the State presented the eyewitness testimony of the victim, Wilbur Bobo, who positively identified Jordan as his assailant. He claimed that Jordan pulled a gun on him, demanded his money, and that when he reached for his money, Jordan proceeded to shoot him. Jordan testified in his own defense, claiming that he was in the area, but was approximately 200 yards away from Bobo when the shooting occurred. He testified that he knew Bobo because he purchased drugs from him on occasion, but that he had not shot him or tried to rob him. During opening statement, Jordan’s defense counsel suggested to the jury that Bobo, a known drug dealer, was actually shot by someone other than Jordan over a drug deal gone sour.
¶ 4. Jordan offered no corroboration of his own version of events that he was 200 yards removed from the scene when the shooting occurred. However, the State presented another witness besides Bobo who placed Jordan at the scene and offered additional evidence tending to inculpate Jordan. Defense counsel was permitted to impeach this witness through *937 use of a prior conviction for forgery. Despite the impeachment of this witness, the jury remained the ultimate decision-maker as to what weight and worth toi give his testimony. Harrison v. State, 307 So.2d 557, 561 (Miss.1975).
¶ 5. It may be a fair observation that none of the witnesses presented by the State were the kind of disinterested, unbiased, and thoroughly reputable observers that would be the dream of the prosecution. Nevertheless, we do not think that the State’s evidence was so thoroughly discredited through impeachment and contradiction that Jordan’s unsubstantiated version of events enjoyed such a high level of credibility that it could fairly be said to outweigh the evidence implicating him in Bobo’s shooting.
¶ 6. The jury, by acquitting Jordan of armed robbery, seemed to indicate that it found the State’s evidence of the purpose for initiating the episode that ultimately led to Bobo’s shooting less than satisfying. However, that does nothing to change the fact of the aggravated assault itself. Even conceding for the sake of argument that the jury, after deliberating the matter, was left with a reasonable doubt as to Jordan’s true motives in confronting Bobo with a loaded handgun, it was nevertheless entirely proper to return a verdict of guilty on the charge of aggravated assault.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ'., CONCUR.
MYERS, J., NOT PARTICIPATING.