CARLTON, J-,
 

 for the Court.
 

 ¶ 1. Wade David Lafont was convicted by a jury in the Circuit Court of Rankin
 
 *1144
 
 County of the crime of armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev.2006). He was sentenced to serve a term of forty-five years in the custody of the Mississippi Department of Corrections, with thirty years to serve, followed by five years of post-release supervision. Aggrieved, Lafont appeals and argues that the trial court erred in denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On February 18, 2006, Kelly Pitts went to the Dollar Tree in Richland with her one-year-old son, her six-year-old son, and one of the six-year-old’s friends. Pitts purchased some toys for the children, and they exited the store at approximately 8:00 p.m. As Pitts and the children walked across the parking lot, she noticed a
 
 man
 
 approaching, who was later identified as Lafont. The six-year-old and his friend got in the car; however, before Pitts could get herself and her one-year-old in the car, Lafont rushed toward Pitts and cornered her in her car door. He had his hand in his pocket and demanded that Pitts give him her purse or he would kill her and the children. Pitts begged Lafont not to do this in front of her children, but Lafont then pulled a hunting knife from his pocket and attempted to stab Pitts while she was holding her one-year-old child. According to Pitts, Lafont lunged at her with the knife three or four times and continued to threaten her.
 

 ¶ 3. In the meantime, several Dollar Tree patrons exited the store and looked in Pitts’s direction, but never stopped. Lafont knelt down behind Pitts’s car and ordered Pitts to keep quiet. Pitts then told Lafont that she would give him twenty dollars to go away. She searched through her purse, found three dollars, and threw it at Lafont. According to Pitts, Lafont took the money, put the knife away, and walked to an adjacent parking lot, where he climbed into a silver Ford Focus and drove away. Pitts then returned to the store, and a store clerk called the police.
 

 ¶ 4. Officer John King with the Richland Police Department responded to the scene. Upon his arrival, Pitts told him that a white male with sandy brown hair and a beard robbed her in the parking lot. Pitts further described Lafont as wearing a beanie cap, gray sweat pants, and a hooded sweat shirt with a Mississippi State logo. Pitts also described Lafont’s vehicle. A silver Ford Focus was later found less than two miles from the store; the vehicle was registered to Andre Beaudreaux and Melissa Lafont, the defendant’s sister. Pitts identified Lafont as her assailant from a photo lineup, which was conducted several days after the incident.
 

 ¶ 5. At trial, Officer King testified that from his initial conversation with Pitts, he was under the impression that Lafont did not take any money from her. However, he stated that he spoke with Pitts at a later date and learned that Lafont had taken three dollars from her. The jury returned a verdict of guilty. Lafont filed a motion for a new trial, which the trial court denied. Lafont now appeals to this Court.
 

 DISCUSSION
 

 Whether the trial court erred in denying Lafont’s motion for a new trial.
 

 ¶ 6. We review the trial court’s denial of a motion for a new trial under the abuse of discretion standard of review.
 
 Dunn v. State,
 
 891 So.2d 822, 826(24) (Miss.2005) (citing
 
 Sheffield v. State,
 
 749 So.2d 123, 127(16) (Miss.1999)). “Amotion for new trial challenges the weight of the
 
 *1145
 
 evidence.”
 
 Id.
 
 We accept as true the evidence supporting the verdict.
 
 Montana v. State,
 
 822 So.2d 954, 967(61) (Miss.2002) (citing
 
 Dudley v. State,
 
 719 So.2d 180, 182(8) (Miss.1998)). On appeal, “We mil only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844(18) (Miss.2005) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)).
 

 ¶ 7. Lafont argues that the verdict was against the overwhelming weight of the evidence. He points to the testimony of Officer King and claims that there was evidence that he did not take any money from Pitts. Lafont also claims that no physical or scientific evidence was presented to show that Lafont was present at the scene of the robbery. In support of this contention, he asserts that: (1) the clothes Pitts described Lafont as wearing at the time were not recovered; (2) the knife used during the incident was not recovered; and (3) no fingerprints were taken from the Silver Ford Focus.
 

 ¶ 8. Questions regarding the credibility of a victim’s identification are questions to be resolved by the jury.
 
 Brorni v. State,
 
 724 So.2d 480, 481(8) (Miss.Ct.App. 1998) (citing
 
 Kimbrough v. State,
 
 379 So.2d 934, 936 (Miss.1980)). Although Pitts testified that it was dark outside at the time of the robbery, she also stated that the Dollar Tree parking lot was “very well lit.”
 
 [1]
 
 Also Pitts had a lengthy eneoun-ter in close quarters with her assailant, and she positively identified Lafont from a photo lineup within a week of the incident, and again at trial. Additionally, a silver Ford Focus registered to Lafont’s sister was located near the scene of the incident. Viewing the evidence in the light most favorable to the verdict, we do not find that allowing the jury’s verdict to stand would sanction an unconscionable injustice.
 

 ¶ 9. We likewise reject Lafont’s contention that a jury finding that he took money from Pitts is against the overwhelming evidence. While Officer King did state that after he interviewed Pitts at the scene he believed that no money had been taken, he went on to testify that he learned from later discussions with Pitts that Lafont had taken three dollars from her during the incident. This, coupled with Pitts’s account of the incident, leads us to conclude that a finding that Lafont took the three dollars from Pitts was not against the overwhelming weight of the evidence. Moreover, “Mississippi Code Annotated [sjection 97-3-79 punishes attempted armed robbery the same as armed robbery.”
 
 Calhoun v. State,
 
 881 So.2d 308, 311(12) (Miss.Ct.App.2004) (citing Miss. Code Ann. § 9T-3-79).
 
 [2]
 
 Thus, Lafont’s conviction would have been proper even if the State were unable to prove that he actually took money from Pitts.
 
 See id.
 
 (“[T]he crime of armed robbery is complete at the attempt”).
 

 ¶ 10. Taking the evidence that supports the jury’s verdict as true, we find that
 
 *1146
 
 allowing the verdict to stand would not sanction an unconscionable injustice. We find that the trial court did not abuse its discretion in denying Lafont’s motion for a new trial. This issue is without merit.
 

 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FORTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THIRTY YEARS TO SERVE, FOLLOWED BY FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.
 

 [1]
 

 . Pitts testified that "[she went to the Dollar Tree] between 7:30 and 8:45. It was — it was dark outside.” However, she went on to describe the lighting conditions in the parking lot as follows:
 

 They were — they were fine. There was— there was light not only from the streetlights, but from the parking lot lights, from the lights inside the Dollar Tree, because the parking lot where I was at was right in front of the Dollar Tree. I mean, you know, it was very lit up, very well lit.
 

 [2]
 

 . Mississippi Code Annotated section 97-3-79 provides:
 

 Every person who shall feloniously
 
 take or attempt to take
 
 from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhi
 
 *1146
 
 bition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiaiy for any term not less than three (3) years.
 

 Miss.Code Ann. § 97-3-79 (emphasis added).