RUSSELL, J.,
for the Court:
¶ 1. Hulen Stanley Perilloux was indicted for three counts of fondling in November 2010. Perilloux was tried before a jury in the Pearl River County Circuit Court, convicted of all three charges, and sentenced to fifteen years on each count to run concurrently. Perilloux appeals his conviction and asserts that the circuit court erred by: (1) admitting cumulative and prejudicial evidence without conducting a proper Rule 403 balancing test; (2) denying his motion to set aside the jury’s verdict for legal insufficiency, or alternatively, denying his motion for a new trial where the verdict was against the overwhelming weight of the evidence; and (3) giving the prosecution’s jury instruction where the instruction contained an incorrect statement of the law, was without foundation in the evidence, and was designed to inflame passion and invoke sympathy during deliberations. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. G.R. and A.R.[1] live in Floresville, Texas, with their father. However, both children stay with their grandmother, Judith Perilloux (Judith), and their step-grandfather (Perilloux) every summer in Picayune, Mississippi. In June 2010, G.R. and A.R. stayed in Mississippi for approximately three weeks.[2]
¶ 3. On June 28, 2010, Perilloux was arrested after Judith filed a complaint alleging that Perilloux had sexually assaulted G.R., and on November 19, 2010, a Pearl River County grand jury indicted Perilloux on three counts of fondling. Per-illoux was subsequently tried before a jury in the Pearl River County Circuit Court.
¶4. At the close of the prosecution’s case-in-chief, Perilloux motioned for a directed verdict, which was denied. The defense then rested its case-in-chief without calling any witnesses. On August 26, 2011, the jury returned a guilty verdict on all three counts, and on August 31, 2011, the circuit court sentenced Perilloux to fifteen years on each count, to run concurrently. On September 2, 2011, Perilloux filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. On September 20, 2011, Perilloux filed notice of this appeal.
*606 DISCUSSION
I. Whether the circuit court erred when it admitted cumulative and prejudicial testimony without conducting a proper Rule 403 balancing test.
¶ 5. Perilloux argues that the circuit court erred in admitting cumulative and prejudicial testimony without conducting a proper Rule 403 balancing test, thus denying him a fair trial. We disagree.
¶ 6, Mississippi Rule of Evidence 403 provides: “[Ejvidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” “This determination on admissibility is highly discretionary because Rule 403 ‘does not mandate exclusion but rather provides that the evidence may be excluded.’ ” Hudson v. State, 977 So.2d 344, 347 (¶ 17) (Miss.Ct.App.2007) (quoting Jones v. State, 904 So.2d 149, 152 (¶7) (Miss. 2001)). “Our review is confined to ‘simply determining] whether the trial court abused its discretion in weighing the factors and in admitting or excluding the evidence.’ ” Id. “A Rule 403 analysis ‘asks only that a judge rely on his/her own sound judgment.’ ” Hudson, 977 So.2d at 347 (¶ 17) (quoting Jones v. State, 920 So.2d 465, 476-77 (¶ 33) (Miss. 2006)). Furthermore, our supreme court stated in Jones: “[W]e do not interpret this requirement to be a regimented procedure[.] Though this Court certainly expects trial judges to have considered Rule 403 in making their evidentiary rulings, we certainly do not predicate the soundness of these determinations on the express use of magic words[.]” Jones, 920 So.2d at 476 (¶ 34); see also Hoops v. State, 681 So.2d 521, 581 (Miss.1996) (finding that although the trial judge “failed to use the ‘magic words’ that he did not find the danger of unfair prejudice to substantially outweigh the probative value of [the] evidence, he implicitly made that determination.”).
¶ 7. Perilloux argues that the circuit court abused its discretion in allowing G.R. to testify eight times that Perilloux “touched [him] in the middle part.” He argues that such testimony was both cumulative and prejudicial. However, we must note that it was only after the eighth statement that Perilloux objected, and his objection was to the prejudicial nature of G.R.’s testimony. Because Perilloux did not object to the cumulative nature of the testimony, we will not address that issue on appeal. The statement that Perilloux touched G.R. in the “middle part”[3] when used to describe the part of the body touched by Perilloux is not prejudicial. It cannot be forgotten that one reference to each occurrence in the three-count indictment would be more than one-third of the eight references cited by Perilloux. The record reflects the court’s efforts to weigh the probative value of the witness’s testimony against any prejudicial impact. The circuit court did not abuse its discretion in admitting G.R.’s testimony.
¶ 8. Perilloux also argues that the circuit court erred in admitting testimony consistent with G.R.’s statements through three additional witnesses: (1) A.R., (2) Judith, and (3) Detective Christa Groom. Perilloux again argues that the testimony from these witnesses was both cumulative *607 and prejudicial.[4] However, we recognize that “the State has a ‘legitimate interest in telling a rational and coherent story of what happened!.]’” Brown v. State, 483 So.2d 328, 330 (Miss.1986) (quoting Turner v. State, 478 So.2d 300, 301 (Miss.1985)). Because the statements of the three additional witnesses were necessary to tell a rational and coherent story of what happened, the circuit court did not abuse its discretion in admitting the testimony of these -witnesses.
9. Finally, Perilloux argues that the circuit court erred in not conducting a proper Rule 403 balancing test. Specifically, Perilloux argues that the circuit court abused its discretion when it allowed the testimony without balancing the danger of unfair prejudice against the testimony’s probative value. However, as stated, no magic words are required when conducting a Rule 403 balancing test. In Hoops, although the trial judge “failed to use the ‘magic words’ that he did not find the danger of unfair prejudice to substantially outweigh the probative value of [the] evidence,” our supreme court reasoned that “a Rule 403 analysis was implicitly conducted by the trial court because the trial court heard argumentfs] from both parties on the subject before ruling that the evidence was admissible!.]” Hudson, 977 So.2d at 351 (¶ 37). Here, the circuit court judge considered the testimony from each witness and heard arguments from both parties before ruling that the evidence was admissible. Therefore, the circuit court did not fail to conduct a proper Rule 403 balancing test.
¶ 10. Because the circuit court did not err in admitting G.R.’s testimony or the testimony of the three additional witnesses, and because the circuit court conducted a proper Rule 403 balancing test, Perilloux was not denied his right to a fair trial. Therefore, we find this issue to be without merit.
II. Whether the circuit court erred when it denied Perilloux’s motion to set aside the jury’s verdict for legal insufficiency or, alternatively, when it denied his motion for a new trial where the verdict was against the overwhelming weight of the evidence.
¶ 11. Perilloux argues that the prosecution did not present a legally sufficient case, and therefore, the circuit court erred in denying him a directed verdict. In the alternative, Perilloux argues that the overwhelming weight of the evidence did not support the jury’s verdict, and therefore, the circuit court erred in denying his motion for a new trial. We disagree with both arguments.
A. Legal Insufficiency
¶ 12. Perilloux argues that the circuit court erred when it denied his motion to set aside the jury’s verdict for legal insufficiency. Specifically, Perilloux argues that no evidence was presented that he fondled G.R. on three separate occasions.
¶ 13. “When reviewing a case for sufficiency of the evidence, ‘the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Ford v. State, 975 So.2d 859, 869 (¶ 35) (Miss. 2008) (quoting Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)).
*608 ¶ 14. At trial, G.R. testified that Peril-loux touched him while he was in the bed, on the couch, and on the pallet:
Q. When he would touch you, where would you be?
A. In the bed, on the couch, or on the pallet.
Q. Did he touch you while you were in all three of those places?
A. Yes, ma’am.
1.A.R.’s testimony
¶ 15. Corroborating G.R.’s testimony, A.R. testified that she and G.R. would usually sleep in the front bedroom; however, when their cousin visited, G.R. would sleep on the couch or on a pallet. A.R. stated that in the mornings, Perilloux would wake her up and tell her to go sleep with Judith, leaving G.R. alone in the bedroom. A.R. further testified that one night, while she and G.R. were play fighting, G.R. told her that he knew something about Perilloux. At that point, G.R. told A.R. about Perilloux touching him in the “middle part,” and A.R. insisted that G.R. tell Judith the following morning.
2.Judith’s testimony
¶ 16. Judith testified that on Saturday, June 26, 2010, G.R. told her that Perilloux had touched him in the “middle part.” Judith then testified as to the sequence of events that took place. Judith stated that she and G.R. confronted Perilloux that afternoon, and on Sunday, June 27, 2010, she filed a complaint of sexual assault with the Picayune Police Department.
3.Detective Groom’s testimony
¶ 17. Detective Christa Groom, investigating officer for the Pearl River County Sheriffs Department, testified that she was assigned to investigate the case, and on Monday, June 28, 2010, she met with both Judith and G.R. Detective Groom further testified that during the investigation, G.R. told her that Perilloux had touched him in the “middle part.” At the conclusion of the investigation, Detective Groom obtained a warrant, and Perilloux was arrested.
¶ 18. Our supreme court has held: “[T]he unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime.” Cross v. State, 759 So.2d 354, 356 (¶ 11) (Miss.1999) (citing McKinney v. State, 521 So.2d 898, 899 (Miss.1988)). Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Furthermore, a reasonable trier of fact could have found that three separate incidents of fondling had occurred: once in the bed, once on the couch, and once on the pallet. Therefore, Perilloux’s argument that the prosecution did not present a legally sufficient case is without merit.
B. Weight of the Evidence
¶ 19. In the alternative, Perilloux argues that the circuit court erred when it denied his motion for a new trial where the verdict was against the overwhelming weight of the evidence. Perilloux contends that the evidence against him was so weak that it justified a new trial. However, Perilloux contradicts his own argument for legal insufficiency with his argument that there was, in fact, evidence that fondling occurred on three separate occasions but that the only evidence of this was G.R.’s testimony.
¶ 20. “[T]he unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other credible evidence!.]” Cross, 759 *609 So.2d at B56 (¶ 11) (citing McKinney, 521 So.2d at 899). Furthermore, “it is ... within the province of the jury to determine the credibility of witnesses.” Id. at (¶ 12). Here, G.R.’s testimony was neither discredited nor contradicted by other evidence.
¶ 21. “We review the trial court’s denial of a motion for a new trial under the abuse of discretion standard of review.” Lafont v. State, 9 So.3d 1143, 1144 (¶ 6) (Miss.Ct.App.2008) (citing Dunn v. State, 891 So.2d 822, 826 (¶24) (Miss. 2005)). “On appeal, ‘[w]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Id. at 1145 (¶ 6) (quoting Bush, 895 So.2d at 844 (¶ 18)). Because it would not sanction an unconscionable injustice to uphold the verdict, this Court finds the verdict is not against the overwhelming weight of the evidence.
III. Whether the circuit court erred when it gave the prosecution’s jury instruction where the instruction contained an incorrect statement of the law, was without foundation in the evidence, and was designed to inflame passion and invoke sympathy during jury deliberations.
¶ 22. Perilloux argues that the circuit court erred in giving a jury instruction that was an incorrect statement of law, without foundation in the evidence, and designed to inflame passion and invoke sympathy during jury deliberations. We disagree.
¶23. “We review [jury] instructions as a whole ‘to determine if the jury was properly instructed,’ giving abuse-of-discretion deference to the trial judge’s decision.” Flowers v. State, 51 So.3d 911, 912 (¶ 5) (Miss.2010) (citation omitted). “[I]f the instructions fairly announce the law and create no injustice, no reversible error will be found.” Walker v. State, 913 So.2d 198, 232 (If 124) (Miss. 2005) (citing Collins v. State, 691 So.2d 918, 922 (Miss.1997)). “ ‘[D]efects in specific instructions will not mandate reversal when all of the instructions, taken as a whole fairly — although not perfectly — announce the applicable primary rules of law.’ ” Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 474 (¶ 78) (Miss. 2010).
¶ 24. The jury instruction at issue reads as follows:
THE COURT INSTRUCTS THE JURY THAT IT IS IMMATERIAL WHETHER THE CHILD MOLESTATION CHARGED WAS ACCOMPLISHED BY FORCE OR VIOLENCE OR AGAINST THE WILL OF [G.R.], OR WHETHER [G.R.] RESISTED, BECAUSE [G.R.] WAS UNDER THE AGE OF CONSENT.
¶ 25. Perilloux argues that this instruction was improper because the words “force and violence” are not part of the relevant statute.[5] However, we find that the jury instruction merely added an additional element, as force and violence are not required to prove fondling. Furthermore, after reviewing the jury instructions as a whole, we find that the instructions fairly and adequately state the law. For *610 these reasons, we find this issue to be without merit.
CONCLUSION
¶ 26. Because we find Perilloux’s claims to be without merit, we affirm the judgment of the Pearl River County Circuit Court.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY OF CONVICTION OF COUNT I, FONDLING, AND SENTENCE OF FIFTEEN YEARS; COUNT II, FONDLING, AND SENTENCE OF FIFTEEN YEARS; AND COUNT III, FONDLING, AND SENTENCE OF FIFTEEN YEARS, WITH THE SENTENCES IN ALL COUNTS TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. To protect the identities of the children, we have substituted initials in place of their names.

. There is a discrepancy as to the exact dates: June 4-28, 2010, or June 5-27, 2010.

. "Middle part” was specifically identified by G.R. as that part of his body below the waist where he used the bathroom.

. Perilloux objected to both the cumulative and prejudicial nature of the testimony with respect to A.R.’s testimony. However, as to Judith's and Detective Groom's testimony, Perilloux only objected to the cumulative nature of the testimony.

. Mississippi Code Annotated section 97-5-23 (Rev.2006) reads in pertinent part:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in section 97-3-97, shall be guilty of a felony[.]